IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERRYL GUTHRIE-WILSON, <br><br> Plaintiff, <br> v. <br><br> COOK COUNTY HEALTH AND HOSP. SYSTEM, <br><br> Defendant. | 23 CV 362 <br><br> **Jury Demand** |

COMPLAINT

Now Comes CHERRYL GUTHRIE-WILSON, by and through her attorney, JONATHAN LUBIN, and Complains of COOK COUNTY HEALTH AND HOSPITAL SYSTEM, stating:

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought pursuant to 42 U.S.C. § 2000e.

2. Plaintiff, for the relevant period, was an employee of Defendant, Cook County Health and Hospital System, in the Northern District of Illinois.

3. Defendant is located in the Northern District of Illinois, and for the relevant period was Plaintiff's employer.

4. Jurisdiction is therefore proper under 28 U.S.C. § 1331 because the Complaint seeks damages and equitable relief under federal statutes.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the relevant events took place in the Northern District of Illinois.

**Facts Common to All Counts**

6. In the fall of 2021, Cook County Hospital System announced a policy of requiring its employees to vaccinate against COVID-19.

7. To that point, and throughout the COVID-19 pandemic, Plaintiff had been employed by Defendant and had taken various steps to mitigate her exposure to COVID-19, and to avoid exposing others in her care to COVID-19.

8. These steps were largely successful, as she does not believe she ever contracted COVID-19.

9. Due to her deeply held religious beliefs, Plaintiff refused to be vaccinated against COVID-19.

10. Hindsight being 20/20, it appears as though this was the right decision, as the COVID-19 vaccines are largely ineffective against the currently dominant strains of the SARS-COV-2 virus that causes COVID-19.

11. Further, the COVID-19 vaccines have been connected to increases in heart problems and blood clotting.

12. Defendant refused to accommodate Plaintiff's sincere religious beliefs in any way.

13. Instead, Defendant took Plaintiff off of paid status.

14. Plaintiff eventually learned that she had been terminated.

15. Prior to her termination, she had been performing the requirements of her employment professionally and satisfactorily.

16. Other than her refusal to violate her sincerely held religious beliefs, she was not in violation of any reasonable rule or requirement of Defendant.

## Count I – 42 U.S.C. § 2000e

17. On November 3, 2022, Plaintiff received a Right to Sue letter from the EEOC, which is attached hereto.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights pursuant to 42 U.S.C. § 2000e, and requiring Defendant to reinstate Plaintiff, and pay her back wages, forward wages, punitive damages, costs and reasonable attorneys' fees.

Respectfully Submitted,

<u>s/Jonathan Lubin</u>
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiff demands trial by jury**