```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


CHERRYL GUTHRIE-WILSON,         )
                                )
         Plaintiff,             )
                                )
                                )
                                )
     v.                         )  No. 1:23-cv-362
                                )
                                )
COOK COUNTY,                    )
                                )
         Defendant.             )
                                )
```

Memorandum Opinion and Order

The proposed amended complaint in this case ("PAC"), which plaintiff seeks leave to file over defendant's opposition, alleges that plaintiff was employed by Cook County as a "registered nurse working at Stronger (sic: Stroger) Hospital" who objected to Cook County's "policy of requiring its employees to vaccinate against COVID-19" due to her "deeply held religious beliefs." PAC at ¶¶ 6, 10, 11. Plaintiff asserts that she "stated that as a Seventh-Day Adventist, she was required to practice a healthy lifestyle and abstain from anything that could bring her harm" and that she "had received accommodations for the influenza vaccine, which she has not taken for almost two decades." *Id*. at ¶ 11, 12. The PAC does not indicate when or to whom plaintiff stated her religious opposition to receiving the vaccine, but a

reasonable interpretation is that plaintiff attempted to invoke the religious exemption built into defendant's Covid vaccination policy. *See* PAC at ¶ 9 ("The policy stated that each request for a religious exemption will be considered individually.").

In October of 2021, however, defendant sent plaintiff a letter "stating that they would be unable to accommodate her." *Id*. at ¶ 13. Defendant offered her instead "the 'accommodation' that she could find a job that was entirely telecommuting and apply for that position" while remaining employed, in unpaid status, for up to ninety days. *Id*. at ¶¶ 14-15. Plaintiff does not claim to have applied for any telecommuting positions, however. To the contrary, she alleges that "there were no such telecommuting positions." *Id*. at ¶ 16. Plaintiff "eventually learned that she had been terminated." *Id.* at ¶ 19. In the meantime, she discovered that defendant "offered an accommodation to an employee who did not vaccinate, and who had sought an accommodation based on non-religious factors." *Id*. at ¶ 17. Plaintiff does not allege what job that employee held or what kind of "accommodation" that employee received, but she asserts baldly: "This is discrimination on the basis of religion." *Id*. at ¶ 18. Plaintiff thus proposes an amended claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendant objects to the motion for leave on the ground

that the proposed amended complaint could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Because I agree, I deny the motion and dismiss the case.

Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2)). Nevertheless, "a district court may deny leave to amend if amendment would be futile." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022). In evaluating futility, I apply "the legal sufficiency standard of [Federal Rule of Civil Procedure] 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Id.*

To survive dismissal under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In applying this standard, I must "accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Anderson v. United Airlines, Inc.,* No. 23 C 989, 2023 WL 5721594, at *2 (N.D. Ill. Sept. 5, 2023) (citing *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2019)). I need not, however, accept legal conclusions

3

or conclusory allegations unsupported by facts. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681). At bottom, the complaint must provide sufficient factual allegations to raise "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Title VII forbids employment discrimination on account of religion, which includes "all aspects of religious observance and practice." 42 U.S.C. § 2000(j). To withstand dismissal, plaintiff must allege plausibly that: "(1) an observance or practice that is religious in nature, and (2) that is based on a sincerely held religious belief, (3) conflicted with an employment requirement, and (4) the religious observance or practice was the basis or a motivating factor for the employee's discharge or other discriminatory treatment." *Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 883 (7th Cir. 2023), *vacated on other grounds*, No. 21-2475, 2023 WL 4842324 (7th Cir. July 28, 2023). Defendant argues that plaintiff fails to satisfy these elements because the allegation that "as a Seventh-Day Adventist, she was required to practice a healthy lifestyle and abstain from anything that could bring her harm" fails to allege a bona fide religious belief—as opposed to a personal conviction

4

grounded in her view of vaccines as unhealthy—that conflicts with defendant's Covid-19 vaccination policy.[1] I agree.

In the Seventh Circuit, the test for whether a sincerely held belief qualifies as religious for Title VII purposes is whether it "occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013) (quoting *United States v. Seeger*, 380 U.S. 163, 165–66 (1965)). Such beliefs "deal[] with issues of ultimate concern," such as "matters of the afterlife, spirituality, or the soul, among other possibilities." *Id*. Courts are not concerned with "the truth or validity of religious belief," or "whether the belief is part of a mainstream religion or an idiosyncratic one." *Snyder v. Chicago Transit Auth*., No. 22 CV 6086, 2023 WL 7298943, at *7 (N.D. Ill. Nov. 6, 2023). The statutory definition of religion is thus "capacious, but it does not expand to include every belief,

---

[1] Defendant also argues that plaintiff has not alleged that the accommodation defendant offered was sufficient to eliminate the alleged conflict between the employment requirements and plaintiff's religious practices, and that the accommodation she desired—exemption from receiving the vaccine while continuing to work in her role as a nurse—would have imposed an undue burden on defendant. But because the burden rests on an employer to establish, as an affirmative defense to an employee's religious discrimination claim, that it cannot reasonably accommodate an employee's religious observance or practice, *see Adeyeye*, 721 F.3d at 448, plaintiff's failure to plead these matters is not an appropriate basis for dismissal under Rule 12 (b)(6).

5

opinion, or ideology one might embrace." *Prida v. Option Care Enterprises, Inc.*, No. 5:23-CV-00905, 2023 WL 7003402, at *4 (N.D. Ohio Oct. 24, 2023). Accordingly, courts must distinguish between religious beliefs and other matters of personal conviction, as only the former are entitled to the protections of Title VII. *Snyder* 2023 WL 7298943, at *7.

Here, although plaintiff purports to ground her refusal to receive the Covid-19 vaccine in her faith as a Seventh Day Adventist, she identifies no specific religious tenet that conflicts with Covid-19 vaccination, citing only the broad principle that she must "practice a healthy lifestyle and abstain from anything that could bring her harm."[2] PAC at ¶ 11. But as

---

[2] Indeed, I suspect that plaintiff would have trouble on this front, as the General Conference of Seventh Day Adventists published a statement, *Reaffirming the Seventh-day Adventist Church's Response to COVID-19*, which reads:
> The Seventh-day Adventist Church, in consultation with the Health Ministries and Public Affairs and Religious Liberty departments of the General Conference of Seventh-day Adventists, is convinced that the vaccination programs that are generally being carried out are important for the safety and health of our members and the larger community. Therefore, *claims of religious liberty are not used appropriately in objecting to government mandates or employer programs designed to protect the health and safety of their communities*.

https://adventist.news/news/reaffirming-the-seventh-day-adventist-churchs-response-to-covid-19-1 (emphasis added) (last accessed December 3, 2023). Although the present decision rests on the pleadings alone, this statement suggests a serious hurdle to plaintiff's claim even if her allegations were sufficient.

6

the Third Circuit explained in *Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*, a refusal to be vaccinated that is grounded in the belief that vaccines cause harm is essentially rooted in medical, not religious concerns. 877 F.3d 487, 492 (3d Cir. 2017). Like plaintiff, Mr. Fallon was terminated from his job at a medical center for refusing to comply with his employer's requirement that its employees "receive the flu vaccine unless they qualified for a medical or religious exemption." *Id*. at 488. The Third Circuit upheld the district court's dismissal of Mr. Fallon's religious discrimination claim, concluding that "his beliefs, while sincere and strongly held, were not religious in nature and, therefore, not protected by Title VII." *Id*. The court quoted Mr. Fallon's statement that he believed, "one should not harm their [sic] own body and strongly believes that the flu vaccine may do more harm than good," and his corresponding belief that submitting to his employer's vaccination policy "would violate his conscience as to what is right and what is wrong." *Id*. at 492 (original alteration). The court then explained why these beliefs did not qualify for protection under Title VII:

> It does not appear that these beliefs address fundamental and ultimate questions having to do with deep and imponderable matters, nor are they comprehensive in nature. Generally, he simply worries about the health effects of the flu vaccine, disbelieves the scientifically accepted view that it is harmless to most people, and wishes to avoid this vaccine. In particular, the basis of his refusal of

7

> the flu vaccine—his concern that the flu vaccine may do more harm than good—is a medical belief, not a religious one. He then applies one general moral commandment (which might be paraphrased as, "Do not harm your own body") to come to the conclusion that the flu vaccine is morally wrong. This one moral commandment is an "isolated moral teaching"; by itself, it is not a comprehensive system of beliefs about fundamental or ultimate matters.

*Id*. at 492 (citation omitted).

The *Fallon* court's analysis is consistent with the EEOC's guidance concerning objections to Covid-19 vaccinations, which states, "objections to a COVID-19 vaccination requirement that are purely based on ... nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs." *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Opportunity Employment Commission (last updated July 12, 2022). To be sure, a religious view that "overlap[s]" with a political view is still protected by Title VII, so long as the view "is part of a comprehensive religious belief system and is not simply an isolated teaching." *Passarella v. Aspirus, Inc.*, No. 22-CV-287-JDP, 2023 WL 2455681, at *5 (W.D. Wis. Mar. 10, 2023). *See also Fallon*, 877 F.3d at 492-93 ("[t]his not to say that anti-vaccination beliefs cannot be part of a broader religious faith; in some circumstances, they can, and in those circumstances, they are protected."). But here, plaintiff's stated opposition

8

to the Covid-19 is facially tied to her view that receiving the vaccine is incompatible with a "healthy lifestyle" and "could bring her harm." PAC at ¶ 11. To put it another way, nothing in the belief plaintiff describes suggests that her faith would prevent her from taking the vaccine if she believed it were consistent with a "healthy lifestyle" and would not cause her harm. *See Passarella*, 2023 WL 2455681, at *6 (observing that "the use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion."); *Thornton v. Ipsen Biopharmaceuticals, Inc.*, No. CV 23-11171-JCB, 2023 WL 7116739, at *4 (D. Mass. Oct. 26, 2023) (belief that "what God has created is perfect" and that it would "go against God by defiling [her] perfectly created body that He created in His image by receiving the vaccine" was "not a bona fide religious belief" entitled to Title VII protection); *Ulrich v. Lancaster Gen. Health*, No. CV 22-4945, 2023 WL 2939585, at *5 (E.D. Pa. Apr. 13, 2023) (dismissing religious discrimination claim of plaintiff who objected to Covid-19 testing based on belief that testing "could bring potential harm, introduce harmful substances, cause adverse health effects or endanger [her] wellbeing," concluding that these views were medical concerns that the she "attempted to cloak with religious significance"). *But see Snyder*, 2023 WL 7298943, at *7 (plaintiff who "invoked

9

religious texts and his minister" to allege that his objection to Covid-19 vaccine was "a sincerely held religious one, rooted in his belief that the vaccines go against his religious dietary restrictions and tenets of cleanliness" stated a claim for religious discrimination under Title VII).

Even construing plaintiff's proposed amended complaint as liberally as required at the pleadings stage, I conclude that her allegations describing the basis for her opposition to defendant's Covid-19 vaccination policy not plausibly suggest a religious practice or belief entitled to Title VII protection. Accordingly, her motion for leave to amend is denied.

                                        **ENTER ORDER:**

                                        _____
                                        **Elaine E. Bucklo**
                                        United States District Judge

Dated: December 4, 2023